IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEREK MORTLAND
INDIVIDUALLY,

    Plaintiff,

      v.

NORTHLAKE MALL, LLC
a Delaware Limited Liability
Company,

    Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-1151-TWT

## OPINION AND ORDER

This is an Americans with Disabilities Act suit concerning alleged barriers to access at Northlake Mall in Atlanta, Georgia. It is before the Court on the Defendant's Motion to Dismiss [Doc. 9]. For the reasons set forth below, the Defendant's Motion to Dismiss is DENIED.

## I. Background

The Plaintiff Derek Mortland--an Ohio resident--must use a wheelchair for mobility. (Am. Compl. ¶ 5.) On December 28, 2012, he allegedly visited Northlake

Mall[1] and encountered barriers that rendered it inaccessible to him. The Plaintiff alleged that he intended to return to Northlake Mall at the end of December 2013 and would again encounter barriers to access. (Am. Compl. ¶¶ 5-6.) The Defendant moves to dismiss, arguing that the Plaintiff lacks standing and that the Complaint is too vague to state a claim.

## II. Legal Standards

### A.  Subject Matter Jurisdiction

"[I]t is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256, 1260 (11th Cir.1997). Attacks on subject matter jurisdiction come in two forms: facial attacks and factual attacks. Id. at 1261. "Facial attacks on the complaint require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. (internal quotation marks omitted). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (internal quotation marks omitted). The Defendant is

---

[1] Northlake Mall is located at 4800 Briarcliff Road Northeast, Atlanta, GA 30345. (Am. Compl. ¶ 2.)

making a facial attack, and so the "[P]laintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion--the court must consider the allegations of the complaint to be true." <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir.1990). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992) (internal quotation marks omitted).

B.  <u>Failure to State a Claim</u>

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  <u>See</u> <u>Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.</u>, 711 F.2d 989, 994-95 (11th Cir. 1983); <u>see also</u> <u>Sanjuan v. American Bd. of Psychiatry</u>

and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007).

## III. Discussion

### A. Standing

The Constitution limits the power of federal courts to "Cases" and "Controversies."  Lujan, 504 U.S. at 559.  To satisfy the case-or-controversy requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Allen v. Wright, 468 U.S. 737, 751 (1984).  "[A] plaintiff seeking only injunctive or declaratory relief must prove not only an injury, but also a 'real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement."  Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004) (internal quotation marks omitted).

In the context of ADA suits for injunctive relief, a plaintiff must allege facts giving rise to an inference that "he will suffer future discrimination by the defendant."

Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001); see also Wooden v. Board of

Regents of Univ. Sys. of Georgia, 247 F.3d 1262, 1283 (11th Cir. 2001) ("[T]o have

standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood

that he will be affected by the allegedly unlawful conduct in the future."). Thus, the

Plaintiff's allegations must give rise to an inference that he will return to the site being

challenged under the ADA. See Rasmussen v. Central Florida Council Boy Scouts of

Am., Inc., 607-CV-1091-ORL-19GJK, 2009 WL 320855, at *7 (M.D. Fla. Feb. 9,

2009) ("[T]he question of whether the plaintiff has constitutional standing to pursue

a Title III claim depends on whether the plaintiff is likely to return to the defendant's

place of public accommodation in the immediate future."). However, the standing

inquiry does not conclude simply because the Plaintiff has alleged an intent to return.

The allegation, supported by additional facts, must be plausible.[2] See Daniels v.

---

[2] Many courts have considered four factors: (1) the proximity of the place of
public accommodation to the plaintiff's residence, (2) the plaintiff's past patronage of
the defendant's business, (3) the definitiveness of the plaintiff's plan to return, and (4)
the plaintiff's frequency of travel near the defendant. See, e.g., Hoewischer v. Cedar
Bend Club, Inc., 877 F. Supp. 2d 1212, 1223 (M.D. Fla. 2012); Bodley v. Plaza
Mgmt. Corp., 550 F. Supp. 2d 1085, 1088 (D. Ariz. 2008); Norkunas v. Park Rd.
Shopping Ctr., Inc., 777 F. Supp. 2d 998, 1002 (W.D.N.C. 2011). Although these
factors may aid the court in assessing plausibility, they "are not exclusive and . . . no
single factor is dispositive." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323,
1337 n.6 (11th Cir. 2013). The inquiry still goes to whether there is a plausible
allegation that the Plaintiff will return to the challenged site. See id. ("District courts
must consider the totality of all relevant facts to determine whether a plaintiff faces
a real and immediate threat of future injury.").

Arcade, L.P., 477 Fed. Appx. 125, 130 (4th Cir. 2012) ("[The plaintiff is] required to state a plausible allegation that there is a likelihood that he will suffer future harm."); Hoewischer v. Cedar Bend Club, Inc., 877 F. Supp. 2d 1212, 1222 (M.D. Fla. 2012) ("[A] plaintiff seeking prospective injunctive relief in an ADA case must allege facts 'giving rise to a plausible inference' that he will suffer disability discrimination by the defendant in the future."). Additionally, the Eleventh Circuit recently ruled that a plaintiff claiming that he will return to a particular site to verify its compliance with the ADA--a "tester"--may have standing to bring claims under Title III of the ADA. See Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1334 (11th Cir. 2013) ("We hold that [the plaintiff's] tester motive behind his visits to the Presidente Supermarket does not foreclose standing for his claim under 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 12188(a)(1) of Title III . . . 'bona fide patron' status is a not a prerequisite for Houston to obtain standing for a lawsuit under these statutory provisions.").

Here, the Plaintiff alleged that he intended to return to Northlake Mall at the end of December 2013.[3] (Am. Compl. ¶ 6.) The Plaintiff alleged that the purpose

---

[3] Although December 2013 has now passed, and injunctive relief thus appears futile, "standing must be determined as of the time at which the plaintiff's complaint is filed." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir. 2003). Thus, the Plaintiff has standing if an injunction could have provided relief at the time he filed the Complaint. See County of Riverside v. McLaughlin, 500

would be to test whether Northlake Mall is complying with its ADA obligations. (Am. Compl. ¶ 8.) He also alleged that he previously patronized Northlake Mall and has a friend in Atlanta, Georgia that he frequently visits. (Am. Compl. ¶ 6.) Taking these facts as true, the Plaintiff's allegation that he would return to Northlake Mall is plausible.

The Defendant points out that the Plaintiff lives roughly five hundred miles from Northlake Mall and that there are similar stores closer to him. (Def.'s Mot. to Dismiss, at 11-12.) The inquiry, however, goes to whether the Plaintiff's allegation of returning is plausible, not whether it is wise for him to do so. His "tester" status shows that he has an independent motive to visit Northlake Mall aside from any goods or services he may obtain there.[4] Given that none of the Defendant's arguments suggest that it is unfeasible for the Plaintiff to return, there is nothing to suggest that the Plaintiff's allegation is implausible.

---

U.S. 44, 51 (1991) ("[A]t the time the second amended complaint was filed, plaintiffs . . . had been arrested without warrants and were being held in custody without having received a probable cause determination . . . plaintiffs' injury was *at that moment* capable of being redressed through injunctive relief.").

[4] If the Plaintiff's only stated reason for returning was to go shopping, however, then the distance between Northlake Mall and the Plaintiff's residence as well as the availability of similar stores closer to the Plaintiff could have raised enough doubt about the Plaintiff's intention to return so as to render it implausible.

The Defendant also argues that the Plaintiff's challenge must be limited to the barriers stated in the Complaint. This Court recently rejected that argument. See Gaylor v. DDR Southeast Abernathy, LLC, 1:12-CV-4343-TWT, 2013 WL 6051029, at *3 (N.D. Ga. Nov. 15, 2013) (Thrash, J.) ("So long as the Plaintiff planned on returning to [the challenged site] when he filed his complaint, he has standing to challenge all of the barriers that may render it inaccessible to him."). If the Plaintiff later uncovers other barriers that he is likely to encounter during his visit to Northlake Mall, he has standing to challenge those barriers in this action. However, the Plaintiff only has standing to challenge barriers that are relevant to his particular disability. See id. at *4.

B. Specificity of Barriers to Access

The Defendant argues that the Plaintiff did not identify the barriers with enough specificity. (Def.'s Mot. to Dismiss, at 21.) This argument is without merit. "[T]he federal rules . . . require 'a short and plain statement' of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Clime v. Sunwest Peo, CNA Claimplus, Inc., 253 Fed. Appx. 805, 806 (11th Cir. 2007). The complaint must state a plausible claim for relief, but that does not

necessarily require detailed factual allegations.[5] See Burns v. Warden, USP Beaumont, 482 Fed. Appx. 414, 416 (11th Cir. 2012). Here, the Plaintiff alleged that there are at least twelve barriers to access at Northlake Mall. The Plaintiff identified the general location for several alleged barriers as well as the provision of the ADA Accessibility Guidelines that each one violates:

> B. There are phones at the Food court location that are located out of the required reach ranges for access by a wheelchair user in violation of Section 704.2.2 of the 2010 ADAAG.
> . . .
> F. There are designated accessible parking spaces at the facility that do not provide the required 60 inch wide access aisle in violation of figure 502.3.1 of the 2010 ADAAG.
> . . .
> J. The restroom toilet compartment door lacks the proper hardware for disabled patrons in violation of Sections 309.4, 404.2.7, and 604.8.1.2 of the 2010 ADAAG.

(Am. Compl. ¶ 10.) Additionally, the Plaintiff identified multiple required accommodations that Northlake Mall is lacking:

> C. The marked crossing as well as the designated parking space do not have the require cut through of the island to provide an accessible route, in violation of Section 406.7 of the 2010 ADAAG.

---

[5] "A plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA." Norkunas v. Seahorse NB, LLC, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)).

D. There is not a continuous accessible route connecting all accessible
buildings, accessible elements, accessible spaces that are on the same site, in
violation of Section 206.2.2 of the 2010 ADAAG.

. . .

I. The facility lacks a van accessible parking space in violation of Sections
208.2.4 and 502 of the 2010 ADAAG.

(Am. Compl. ¶ 10.) These allegations satisfy the minimum pleading requirements.

Indeed, this level of specificity has been found sufficient in other ADA cases. For

example, in <u>Griffin v. Cedar Fair, L.P.</u>, 817 F. Supp. 2d 1152 (N.D. Cal. 2011), the

plaintiff brought an ADA action against a California amusement park. The defects

alleged in the complaint included a "lack of proper accessible restrooms, improperly

high food court counters, and improper paths of travel" as well as inadequate "parking

facilities, food court facilities, directional signage, service counters, and paths of

travel." <u>Id.</u> at 1154. The defendant argued that these allegations were too vague to

state a claim. <u>See</u> <u>id.</u> at 1156. The court disagreed:

> Although specifics are not included in the complaint, it does put [the defendant]
> on notice with regard to the allegedly defective features at issue. It is well
> settled that specific facts are not necessary because that would essentially
> impose a heightened pleading standard upon ADA plaintiffs. Concerns about
> specificity in a complaint are normally handled by the array of discovery
> devices available to the defendant. The notice requirement of Rule 8 is only a
> minimal hurdle that does not require specific details.

<u>Id.</u> at 1157-58 (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Roggenkamp v. Del Taco</u>,

SACV-04-0916-GLTMLGX, 2004 WL 3623408, at *1 (C.D. Cal. Nov. 17, 2004)

("Plaintiff alleges paths of travel, hardware, fixtures, parking, and public restroom

facilities were inaccessible to her . . . [t]he Court is satisfied with the specificity of the barriers as alleged."); <u>Lugo v. 141 NW 20th Street Holdings, LLC</u>, 878 F. Supp. 2d 1291, 1294-95 (S.D. Fla. 2012) ("The Complaint alleges that the various barriers limit Plaintiff's ability to enjoy the premises . . . Plaintiff has afforded Defendant ample notice of what the case involves . . . [t]o the extent Defendant seeks more specific allegations of ADA violations, discovery will provide that specificity.").

The Defendant then argues that absent more specificity, it will have to undertake a costly inspection to determine the precise nature of the barriers. (Def.'s Mot. to Dismiss, at 22.) Although the Plaintiff could have saved the Defendant resources by making extraordinarily detailed allegations, this is not required at the pleading stage. The motion to dismiss should be denied.[6]

## IV. Conclusion

For the aforementioned reasons, the Court DENIES the Defendant's Motion to Dismiss [Doc. 9].

---

[6] The Defendant also argues that it may not be responsible for every part of Northlake Mall. (Def.'s Reply in Supp. of Mot. to Dismiss, at 12.) But liability even extends to those who lease to places of public accommodation. <u>See</u> 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability . . . by any person who . . . leases (*or leases to*) . . . a place of public accommodation."). To the extent that the Defendant's argument is applicable, it can be dealt with at the summary judgment stage where the parties may submit evidence on ownership and liability.

SO ORDERED, this 30 day of December, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge